

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2006

# Torres v. Wagner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Torres v. Wagner" (2006). *2006 Decisions.* Paper 358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1512

RAMON M. TORRES,
                    Appellant

v.

GEORGE WAGNER, Warden OR/INS/ICE/DHS;
IMMIGRATION & NATURALIZATION SERVICE

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-CV-05275)
District Judge: Honorable Mary A. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2006

BEFORE: BARRY, CHAGARES and COWEN, CIRCUIT JUDGES

(Filed: October 4, 2006 )

OPINION

PER CURIAM

    Ramon M. Torres appeals from an order of the United States District Court for the

Eastern District of Pennsylvania, denying his petition for a writ of habeas corpus.  We

will affirm the Court's order.

Ramon Torres is a native and citizen of the Dominican Republic. He filed a § 2241 petition in the District Court challenging both his order of removal and his continued detention. The Magistrate Judge properly determined that pursuant to 8 U.S.C. § 1252(a)(5), the District Court was without jurisdiction to consider any challenge to Torres' removal order.[1] As to his detention claim, the Magistrate Judge found that his continued detention was proper. Pursuant to 8 U.S.C. § 1231(a)(1)(A), the Government has 90 days to remove an alien. The removal period does not begin until, inter alia, the date of a reviewing court's final order if that court had ordered a stay of removal. Further, pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), the Court has held that detention up to six months is presumptively reasonable. After six months, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

Torres' removal period first began on May 19, 2005, when an Immigration Judge affirmed his final order of removal. However, the Second Circuit issued a stay of removal on Torres' request on June 20, 2005. The stay was not lifted until November 2, 2005.[2] Thus, Torres' removal period recommenced on that date. At the time the

---

[1] The Magistrate Judge also noted that Torres had challenged his removal order in the Second Circuit by filing two petitions for review.

[2] Indeed, we take judicial notice that on November 28, 2005, Torres filed another motion for stay of removal with the Second Circuit. See C.A. No. 05-3582 (2d Cir.). The Second Circuit denied Torres' petition in that case, and declared his pending stay motion

Magistrate Judge issued his Report and Recommendation, the 90 day period had not yet passed. The Magistrate Judge also noted that Torres had not shown that his removal in the future would be delayed; when he was deported in 2002, it took less than four months to deport him once he was in custody.

We find no error in the District Court's holding that Torres' continued detention was permissible. We note that Torres has still not proffered any evidence to show that his removal in the reasonably foreseeable future is unlikely.[3] Therefore, we will affirm the District Court's judgment.[4]

---

as moot on June 6, 2006. The Government notes that because the Second Circuit treats a request for stay of removal as a temporary stay, it has an agreement with that Court whereby it treats a stay request as if a stay is in effect. Thus, the removal period did not begin again until June 6, 2006.

[3] Torres argues in his brief that the Government is basing his confinement on incorrect information reflected on a custody status review form. However, the statute requires the Government to hold an alien with a final removal order in custody during the removal period. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Thus, the only relevant information pertaining to his detention at this time is whether he is an alien with a final order of removal (he does not dispute that he is), and whether his removal is likely in the foreseeable future.

[4] Torres' motion for oral argument is denied.